FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 MAR 23 AM 11:28
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL JEROME WHITE, Executor of the Estate of David E. White Sr., Deceased, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 118-180 |
| UNITED STATES OF AMERICA, | * * * | |
| Defendant. | * | |

**O R D E R**

Before the Court are Defendant's motion for summary judgment (Doc. 15) and Plaintiff's motion for leave to amend his complaint (Doc. 20). For the following reasons, Plaintiff's motion is **DENIED IN PART** and **GRANTED IN PART**. The motion is denied as to its request for leave to amend and granted as to its construed request for voluntary dismissal without prejudice. Defendant's motion for summary judgment is **DENIED AS MOOT**.

**I. BACKGROUND**

Plaintiff initiated the present action alleging that the Augusta VA Medical Center ("Augusta VA") negligently failed to diagnose and treat Master Sergeant David White's multiple myeloma, a form of cancer. (Def.'s Statement of Undisputed Material Facts,

Doc. 15-1, ¶ 2; Compl., Doc. 1, ¶¶ 10-11.)  The multiple myeloma ultimately caused Master Sergeant White's death.  (Compl., ¶ 16.)

On August 12, 2019, Defendant filed a motion for summary judgment based upon Plaintiff's failure to provide expert evidence in support of his medical malpractice claim.  (See generally, Mot. for Summ. J., Doc. 15.)  On September 3, 2019, Plaintiff filed a motion for extension of time to respond to Defendant's motion for summary judgment (Doc. 17), which the Court granted (Doc. 18). The Court ordered Plaintiff to file his response on or before September 17, 2019.  (Id.)  Plaintiff failed to file a timely response. On September 24, 2019, Plaintiff filed a motion to amend his complaint and response to Defendant's motion for summary judgment.  (Doc. 20.)  Plaintiff also filed a separate response to the motion for summary judgment the same day asserting Defendant's motion for summary judgment should be denied as moot in light of the motion for leave to file an amended complaint.  (Doc. 21.)

Pursuant to United States Magistrate Judge Brian K. Epps's Scheduling Order entered March 14, 2019, the "last day for filing motions to amend" was "April 12, 2019." (Scheduling Order, Doc. 13.)  Therefore, the time for filing a motion to amend the complaint had long expired at the time of Plaintiff's motion. Plaintiff's proposed amended complaint seeks to withdraw his negligence claim for failure to diagnose and treat Master Sergeant White's cancer and, instead, to state a claim for ordinary

2

negligence for failure to treat and care for Master Sergeant White's decubitus ulcers, more commonly known as bed sores. (Proposed Am. Compl., Doc. 20-1, ¶¶ 7-11; Mot. for Leave to Amend Compl. & Resp. to Mot. for Summ. J., Doc. 20, at 1-2.) Defendant opposes Plaintiff's motion to amend. (Resp. Opp'n Mot. to Amend, Doc. 22.)

## II. MOTION FOR LEAVE TO AMEND COMPLAINT

The Parties do not dispute that Plaintiff filed his motion to amend after the period for amending pleadings enumerated in the Court's Scheduling Order expired. The Federal Rules of Civil Procedure establish that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Applying Rule 16, the Eleventh Circuit has determined that when the "motion to amend [is] filed after the scheduling order's deadline, [the moving party] must first demonstrate good cause under Rule 16(b) before [the court] will consider whether amendment is proper under Rule 15(a)." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). As a result, the Court must first find good cause under Rule 16(b) before addressing whether amending the complaint is proper pursuant to Rule 15(a).

In opposition, Defendant contends no good cause exists to amend the Scheduling Order. Inexplicably, Plaintiff neither attempted to show good cause in filing the motion nor responded to

3

the Defendant's argument that no good cause exists. "Rule 16(b)'s good-cause standard 'precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.'" Destra v. Demings, 725 F. App'x 855, 859 (11th Cir. 2018) (quoting Sosa, 133 F.3d at 1418) (other internal quotation marks omitted). "Whether to allow amendment under Rule 16 rests with the [c]ourt's sound discretion." Home Legend, LLC v. Mannington Mills, Inc., No. 4:12-CV-0237-HLM, 2014 WL 12489761, at *1 (N.D. Ga. July 2, 2014) (internal quotation marks omitted) (citing Sosa, 133 F.3d at 1419).

Here, Plaintiff made no attempt to show good cause, and the Court finds none. See Donley v. City of Morrow, 601 F. App'x 805, 811-12 (11th Cir. 2015) (noting the plaintiff failed to mention Rule 16(b) in briefing and ignored the Rule's requirements). First, the record shows Plaintiff seemingly possessed information regarding the alleged bed sores when filing the complaint and at all times prior to the expiration of the time to amend pleadings. The complaint alleged — albeit in conclusory fashion — that bed sores contributed to Master Sergeant White's pain and suffering. (Compl., ¶ 18.) Plaintiff, however, fails to show that it recently acquired knowledge regarding the alleged bed sores that it did not possess before filing the present motion. When information is available to the complainant before filing suit, the failure to assert the information evidences an absence of good cause to amend.

4

Sosa, 133 F.3d at 1419; Quinn v. Deutsche Bank Nat'l Tr. Co., 625 F. App'x 937, 940 (11th Cir. 2015).

Second, despite an extension of time, Plaintiff failed to timely respond to Defendant's motion for summary judgment. Plaintiff alternatively elected to file a motion for leave to amend the complaint and to file a late response to Defendant's motion for summary judgment asserting the proposed amended complaint moots the summary judgment motion. Several courts have indicated courts should cautiously allow a plaintiff to amend the complaint following a motion for summary judgment when the amendment "appears to be nothing more than an effort to avoid an adverse summary judgment ruling." Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Can. v. Ga. Power Co., 684 F.2d 721, 724 (11th Cir. 1982) (finding amendment improper under Rule 15(a)); see also Lowe's Home Ctrs., Inc. v. Olin Corp., 313 F.3d 1307, 1314-15 (11th Cir. 2002); Quinn, 625 F. App'x at 940.

Plaintiff's utter lack of attention to the good cause requirement of Rule 16(b) falls far short of his burden to show amendment to the Scheduling Order is justified.[1] Accordingly, the Court declines to grant Plaintiff leave to amend his complaint.

---

[1] Although the Court need not address Rule 15(a) in detail considering the Court's decisions herein, it is unlikely that based upon the information provided and Eleventh Circuit precedent discussed that Plaintiff meets the requirements to amend under Rule 15(a).

5

### III. MOTION FOR VOLUNTARY DISMISSAL

Plaintiff concedes that his original theory regarding the Augusta VA's failure to diagnose and treat Master Sergeant White's cancer is unlikely to succeed. (Mot. for Leave to Amend Compl. & Resp. to Mot. for Summ. J., at 1-2.) After reaching this conclusion, Plaintiff asserts, "Claims related to the effects of failing earlier to diagnose multiple myeloma are withdrawn without prejudice." (Id. at 2.) The claim Plaintiff attempts to withdraw encompasses Plaintiff's entire action at this time.[2] The Court first must consider whether Plaintiff may withdraw the medical malpractice claim serving as his original complaint.

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Here, Defendant filed and served both an answer (Doc. 10) and a motion for summary judgment before Plaintiff attempted to dismiss his initial claim. Therefore, Plaintiff no longer had the option to employ Rule 41(a)(1)(A)(i). Nevertheless, if Rule 41(a)(1) is unavailable, a plaintiff may still receive a dismissal under Rule 41(a)(2).

---

[2] Plaintiff further acknowledges that any claim asserting allegations that the Augusta VA is liable for causing Master Sergeant White's spinal fracture is also unlikely to succeed. (Mot. for Leave to Amend Compl. & Resp. to Mot. for Summ. J., at 2 n.2.) To the extent Plaintiff asserted a claim for this injury in his original complaint, this analysis equally applies to that claim.

6

Pursuant to Rule 41(a)(2), "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The rule exists "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986) (quoting Alamance Indus., Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961)). For this reason, when addressing a motion for voluntary dismissal without prejudice, district courts are instructed to "bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." Id.

Despite this instruction, "however, in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." Id. at 856-57 (emphasis in original). A district court may also deny a motion for voluntary dismissal if the record evidences bad faith. Pontenberg v. Boston Sci. Corp., 252 F.3d 1253, 1258 (11th Cir. 2001). In determining whether dismissal is proper, "the court should . . . weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Arias v. Cameron, 776 F.3d 1262, 1269 (11th Cir. 2015). In making a voluntary dismissal determination, "[a] district court enjoys broad discretion." Id. at 1268.

7

Evaluating the equities, the Court notes that Defendant certainly expended resources defending the action up until this point. In the Eleventh Circuit, though, "[n]either the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." <u>Pontenberg</u>, 252 F.3d at 1256. Based on the record, the Court cannot conclusively find that Plaintiff's counsel's conduct in seeking to dismiss the original claim constitutes bad faith. Furthermore, although Defendant expended resources preparing the motion for summary judgment and could be inconvenienced by subsequent litigation, the record contains no clear legal prejudice to Defendant. Considering these facts and Eleventh Circuit interpretations of Rule 41(a)(2), the Court finds no reason to depart from the general rule that dismissal should be granted. Consequently, Plaintiff's motion for voluntary dismissal is granted without prejudice.

Plaintiff acknowledges that he desires to amend the complaint to "state claims relating to failure to treat and prevent decubitus ulcers." (Mot. for Leave to Amend Compl. & Resp. to Mot. for Summ. J., at 3.) This request to amend acknowledges the original complaint fails to state such a claim. (<u>See</u> Compl.) As Defendant points out, Plaintiff is attempting to alter the theory of

8

negligence asserted from medical malpractice to ordinary negligence. The Court, however, denied Plaintiff's motion to amend. Accordingly, following dismissal of Plaintiff's claims originally asserted, Plaintiff maintains no active claims against Defendant. As a result, Defendant's motion for summary judgment is moot.

The Court next addresses the imposition of curative conditions. In similar situations, where a plaintiff seeks to voluntarily dismiss his action following the defendant filing a motion for summary judgment, curative conditions are often proper including conditioning a later refiling upon the payment of costs pursuant to Rule 41(d). See, e.g., Arias, 776 F.3d at 1273; Pontenberg, 252 F.3d at 1260. The Court believes conditioning refiling on the payment of costs is the proper course of action in this case. If Plaintiff refiles against this Defendant and includes claims for the diagnosis or treatment of Master Sergeant White's cancer or spinal fracture resulting from treatment at the Augusta VA, he must disclose this civil action and pay all costs incurred by the defense in this action.

If this condition is triggered, Defendant shall file a motion to stay the refiled action — within the time frame established to respond to the complaint — until the issue of costs is determined and paid and file a bill of costs along with necessary evidence of costs arising in this proceeding. Following the Court's

determination of the appropriate costs, Plaintiff will have thirty days to pay all costs. Failure to pay in the requisite time period will result in dismissal of the claims in the refiled action that overlap with claims asserted in the original complaint in this litigation.[3]

### IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend his complaint (Doc. 20) is **DENIED IN PART** and **GRANTED IN PART**. The motion is **DENIED** as to its request for leave to amend and **GRANTED** as to its construed request for voluntary dismissal without prejudice. This action is, therefore, **DISMISSED WITHOUT PREJUDICE** subject to the conditions imposed herein. As such, Defendant's motion for summary judgment (Doc. 15) is **DENIED AS MOOT**. The Clerk is **DIRECTED** to **TERMINATE** all other motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of March, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The imposition of costs does not apply to a subsequent claim of ordinary negligence relating to decubitus ulcers.